UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARQUISE D. PONDER,

    Plaintiff,

v.                                                   Case No. 8:25-cv-3227-TPB-CPT

PATRICK KANE,

    Defendant.
_____/

## ORDER

    Marquise D. Ponder, a Florida prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1) Ponder sues Assistant Public Defender Patrick Kane in his individual capacity as Ponder's defense counsel during his state criminal prosecution. Upon review, this case must be dismissed because the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Under 28 U.S.C. § 1915A(a), the Court must screen certain civil suits brought by prisoners to determine whether they should proceed. A court is required to dismiss a complaint (or any portion thereof) it is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

Ponder sues Assistant Public Defender Patrick Kane in connection with Ponder's state criminal prosecution. He alleges that Kane violated his constitutional rights by refusing to file a motion to suppress on his behalf.

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Public defenders are not subject to suit under § 1983 because they are not state actors. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Ponder's allegation is based on Kane's actions while "performing a lawyer's traditional functions" as described in *Dobson*. Therefore, Kane was not acting under color of state law and is not liable under § 1983. *See Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) ("State public defenders do not act under color of state law, even when appointed by officers of the courts."). Accordingly, this case must be dismissed.

Amendment of Ponder's complaint would be futile because he can state no valid § 1983 claim for relief against Kane. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment

. . . where amendment would be futile."); *see also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Accordingly, this case is **DISMISSED WITH PREJUDICE** for failure to state a claim. The Clerk is directed to enter a judgment of dismissal against Ponder, terminate any pending motions, and to **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 2nd day of December, 2025.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**